## Swift *et ux. versus* The Allegheny Building and Loan Association.

1. A scire facias on a mortgage takes the place of a declaration and should show on its face an immediate cause of action.

2. S. executed a mortgage to a building association to secure a bond for $600, conditioned for the payment of interest on a loan, and of monthly dues upon shares of stock in the association. In a scire facias on the mortgage the only averment of a breach of the condition of the bond was that "the sum of $600 with the interest thereof as yet remains unpaid." *Held* (reversing the judgment of the court below), that this averment was insufficient to ground a judgment for want of an affidavit of defence upon.

May 18th 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Blair county:* Of May Term 1876, No. 52.

This was a scire facias on a mortgage given by Margaret Swift of her own real estate to the Allegheny Building and Loan Association, to secure her husband's bond to the association for $600. After appearance by the defendants, judgment was entered for want of an affidavit of defence, and damages were assessed at $600. The condition of the bond and the averment of a breach thereof in the scire facias appear in the opinion of the court. The defendants took this writ of error, on the ground that the court erred in entering judgment for want of an affidavit of defence, and in entering judgment for the amount therein set forth.

*S. S. Blair*, for plaintiffs in error.

*Neff & Clarke* and *Alexander & Herr*, for defendant in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 29th 1876.

The scire facias recites that the mortgage was to secure a bond conditioned for the payment of $600, "with interest thereon payable on the third Friday of each and every month thereafter, together with the monthly dues on three shares of the capital stock of the association aforesaid, now owned by the said William Swift, and such fines as might be imposed thereon under the constitution and by-laws of the association aforesaid, with a proviso that if at any time default be made, and six consecutive months are suffered to elapse without paying up all instalments of interest and monthly dues on said stock, and all fines for non-payment thereof as aforesaid, or any or either of them, then and in such case the credit given on said principal sum shall cease and determine, and the same with the interest, the monthly dues and the fines for the non-payment thereof, shall be taken as due and payable and may be recovered forthwith." The only averment of a breach of

[Swift *et ux. v.* Allegheny Building Association.]

this condition is, that "the said sum of $600, with the interest thereof, as yet remains unpaid." This averment is the usual one in the case of an ordinary bond with a condition for the payment of money. It is inapplicable to the case of a special condition such as that contained in the bond as recited in this scire facias, and it is insufficient to ground a judgment for want of an affidavit of defence upon. The scire facias takes the place of a declaration, and it should show on its face an immediate cause of action. It does not allege a failure to pay any instalment, and it cannot be inferred that there has been a failure to pay such instalments for six consecutive months. How then does it appear that the principal sum has become immediately recoverable by action? This it was incumbent on the plaintiffs below to aver and set forth in the scire facias with reasonable certainty. This the averment contained in this scire facias does not do, and the judgment below was therefore erroneous.

Judgment reversed and *procedendo* awarded.